## SOUTHERN RY. CO. v. HOBSON.
### No. 5770.

Circuit Court of Appeals, Fifth Circuit.
Oct. 13, 1930.

A. C. Wheeler and E. D. Kenyon, both of Gainesville, Ga. (Sanders McDaniel, of Atlanta, Ga., on the brief), for appellant.

Reuben R. Arnold and Lowry Arnold, both of Atlanta, Ga., and Sam Kimzey, of Cornelia, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the Southern Railway Company from a judgment against it on account of personal injuries sustained by appellee. The injuries occurred about 3:52 a. m. at Lula, Ga., a flag station where there was a depot on the east side of the railroad right of way. Double tracks extending north and south were provided at that point, the eastern track being used for north-bound trains and the western for south-bound trains; so that passengers alighted from or boarded south-bound trains at this station between the double tracks. Across the right of way from the depot was a park, from which the place for taking on or putting off passengers could be reached. According to her testimony, appellee intended to become a passenger and undertook to board the train by approaching this place between the tracks from the park on the west. She walked ahead of the passenger train as it approached, but found her way to the depot blocked by a freight train, which she claims she did not see because of the light of the passenger train until it was too late to turn back across the western track. She said she knew the train would stop because her husband was on it and intended to get off at Lula. As the passenger train approached coming south, the freight train began to move north. The width of the space between the two moving trains was three or four feet, and she was knocked down and injured by one of them. On behalf of appellant there was testimony to the following effect: The passenger train was on time, and if there had been persons at the depot desiring to become passengers on it, it was the duty of those in charge of the freight train to separate the cars so that access might be gained to the place between the tracks where it was necessary to go in order to get on the south-bound train. There were no such passengers at the depot, and for that reason the freight train was not uncoupled in order to afford a passage way. It was unusual for intending passengers to come from the park on the west to board the south-bound train at that time in the morning. But it is not claimed that such practice was unknown or not to be expected, and the conductor of the freight train testified that it was his duty to find out if anybody was at the landing place "close to passenger train time." The petition alleged that appellee was a passenger, but it also charged negligence based on the failure to provide a safe place to board the train. A demurrer was interposed on the principal ground that upon the facts alleged appellee had not become a passenger. At the close of the evidence appellant moved for a directed verdict upon the theory that there was a fatal variance between the cause of action alleged and the proof. The district judge overruled the demurrer, denied the motion for a verdict, and charged the jury that appellee was not a passenger, but that appellant owed her the duty to exercise reasonable care. These rulings and this charge are assigned as error.

It was not error to overrule the demurrer. Appellee, although she stated by way of conclusion that she was a passenger, alleged facts which entitled her to a safe place at which to board the train. And there was consequently no variance between the case pleaded and that proved. Even though she were not a passenger, the testimony in her behalf showed that she intended to become one, and was entitled to demand of appellant at least reasonable care for her protection. Georgia & Florida Railway Co. v. Tapley, 144 Ga. 453, 87 S. E. 473, L. R. A. 1916C, 1020. She approached the usual place where passengers boarded the train. It was open to the jury to find that appellant was guilty of negligence in failing to discover her presence, and in moving the freight train in such manner as to place her in an exceedingly dangerous position between two moving trains.

The judgment is affirmed.